EMILY R. MOLLER, as Ancillary Administratrix of the Estate of HAROLD G. MOLLER, Deceased, Respondent, *v.* MAUD E. W. M. PAULIVICO, Appellant.

**Vendor and purchaser — real property — conveyance of land by brother to sister for nominal consideration — no implied promise to pay its value — action by administratrix to recover value of land cannot be maintained.**

There is no rule of law which reads into a conveyance of land by the owner to his sister, subject to the dower interest of his wife and in consideration of one dollar and other good and valuable considerations, an implied promise to pay its value. He had a right to convey

to his sister the land in question. Nor may a letter written by defendant to plaintiff stating, " I bought from my brother  *  *  * before his death the farm," be properly construed into an implied promise to pay what the farm was worth. An action, therefore, by his administratrix to recover the alleged value of the land conveyed upon the ground that there was an implied promise on the part of the sister to pay its reasonable value cannot be maintained.

*Moller* v. *Paulivico,* 212 App. Div. 394, reversed.

(Argued October 13, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered May 20, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a verdict directed by the court and directing judgment in favor of plaintiff.

*Arthur M. Silber* for appellant. No promise on the part of the defendant to pay the reasonable value of the premises can be implied from the fact that said premises were conveyed to her by a bargain and sale deed. (*Turner* v. *Howard,* 10 App. Div. 555; *Wood* v. *Chapin,* 13 N. Y. 509; *Bucklin* v. *Bucklin,* 1 Abb. Ct. App., Dec. 242; *Lynch* v. *Livingston,* 6 N. Y. 422; *Jackson* v. *Beach,* 1 Johns. Cas. 399; *Bank of the United States* v. *Housman,* 6 Paige, 526; *Cunningham* v. *Freeborn,* 11 Wend. 241; Gerard on Titles to Real Estate [5th ed.], 536.) The use by defendant of the word " bought " in her letter of December 1, 1915, is not sufficient to establish that she did not receive the premises as a gift from her brother. (*Ten Eyck* v. *Witbeck,* 135 N. Y. 40; *Adee* v. *Hallett,* 3 App. Div. 308.)

*E. E. Hoenig* and *E. C. Crowley* for respondent. The plaintiff is entitled to recover the fair and reasonable value of the premises. The undisputed testimony shows that the defendant purchased said premises instead of merely receiving them as a gift. (*Lockhart* v. *Hamlin,* 190 N. Y. 132; *Bauman* v. *Manhattan Consumers B.*

*Co.,* 97 App. Div. 470; *Shirk* v. *Brookfield,* 77 App. Div. 295; *Sussdorf* v. *Schmidt,* 55 N. Y. 319; *Rubin* v. *Cohen,* 129 App. Div. 395; *Worthington* v. *Worthington,* 100 App. 332; *Goodman* v. *Alexander,* 165 N. Y. 289; *Bowen* v. *Bell,* 7 Johns. 328; *Shepard* v. *Little,* 14 Johns. 210; *Bowen* v. *Bell,* 20 Johns. 338; *Thomas* v. *Dickinson,* 12 N. Y. 364.)

McLAUGHLIN, J.  On the 23d of November, 1915, Harold G. Moller died, leaving him surviving a widow, the plaintiff in this action.  A short time prior to his death he was the owner of a farm consisting of about 288 acres located at Bayville, N. J.  This he conveyed to his sister, the defendant in this action.  At the time of the conveyance Moller and his wife were, and for some time had been, living separate and apart.  The consideration of the conveyance, which was made subject to the dower right of the wife, was one dollar and other good and valuable considerations.  The widow was appointed administratrix in the State of New Jersey and subsequently ancillary letters were issued to her in the State of New York.  After she had been appointed ancillary administratrix, she brought this action to recover the alleged value of the land conveyed, upon the ground that there was an implied promise on the part of the defendant to pay the reasonable value of the same.  The answer put in issue the material allegations of the complaint and alleged that the defendant was the owner of the farm, she having purchased it from her brother, paying a good consideration therefor.

The trial judge, a jury having been waived, rendered a decision in favor of the defendant and dismissed the complaint.  An appeal was taken to the Appellate Division by the plaintiff where the judgment was reversed (one of the justices dissenting) and a judgment rendered in favor of the plaintiff for an amount which the court found to be the value of the land.

The reversal, as appears from the opinion of the Appellate Division, was upon the ground that the deed of conveyance recited only a nominal consideration and there was read into it an implied promise upon the part of the defendant to pay what the land was worth. I know of no rule of law which reads into a conveyance of this character an implied promise to pay. The brother had a right to convey to his sister the land in question. Upon the face of the conveyance a good consideration is expressed. The letter which the defendant wrote to the plaintiff states: " I bought from my brother  *  *  * before his death the farm." How this statement can be tortured into an implied promise to pay what the farm was worth is beyond my comprehension. If the conveyance were without consideration and there were debts for which the brother was liable at the time of his death, then the conveyance could be set aside on the ground that it was given with the intent to hinder, delay and defraud creditors. But this is not a creditors' action. Before such an action could be maintained judgment would have to be obtained or it would have to be made to appear that there were not sufficient assets to pay the debts and that an adequate remedy at law did not exist for the payment of the same. Such facts do not here appear. On the contrary, the plaintiff not only has sufficient funds in her hands to pay the debts, but she has already paid and discharged the same.

The judgment of the Appellate Division, therefore, should be reversed and that of the trial court affirmed, with costs in this court and in the Appellate Division.

Hiscock, Ch. J., Cardozo, Pound, Crane, Andrews and Lehman, JJ., concur.

Judgment accordingly.